# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| CAROLYN SIOUX GREEN, | No. 55790-8-II |
| Appellant, | |
| v. | UNPUBLISHED OPINION |
| STATE OF WASHINGTON, DEPARTMENT OF SOCIAL AND HEALTH SERVICES, et. al., and DOE's 1 through 1,000, | |
| Respondent. | |

MAXA, P.J. – Carolyn Green appeals the trial court's dismissal under CR 12(b)(6) of her complaint against the State and the Department of Social and Health Services (DSHS). Green's complaint related to her detention at Western State Hospital (WSH) in 2001 pending a hearing on a petition for 14 days of involuntary treatment. However, Green did not file her complaint regarding her WSH detention until 2020, approximately 19 years later.

We hold that the trial court did not err in dismissing Green's complaint because Green failed to file the complaint within the three-year statute of limitations and she presented insufficient evidence to show that the statute of limitations should be tolled. Therefore, we affirm the trial court's order dismissing Green's complaint with prejudice.[1]

---

[1] DSHS also argues that Green failed to present a tort claim to the State's office of risk management 60 days before filing her complaint as required by RCW 4.92.100(1) and RCW 4.92.110. Because of our resolution of the statute of limitations issue, we do not address this argument.

FACTS

On or around July 2, 2001, Green was admitted to WSH for evaluation and treatment under a 72-hour hold and was given medication for her behavioral and mental health issues. WSH subsequently filed a petition for 14 days of involuntary treatment, which was heard on July 5. The trial court granted WSH's petition and ordered that Green be involuntarily committed at American Lake Veterans Administration Hospital (ALVAH) for an additional 14 days. Green later was detained for an additional 90 days, during which time she received treatment at home as an alternative to inpatient hospitalization.

In September 2020, Green filed a lawsuit against the State and DSHS, alleging in part that at WSH she repeatedly was medicated involuntarily and denied her right to refuse antipsychotics, that the petition for 14 days of involuntary treatment lacked proper signature, and that she did not voluntarily sign the waiver of her right to remain off medications 24 hours before her hearing. Green subsequently filed a pleading titled "Demand for Relief Sought by Plaintiff," which stated that she was seeking two billion dollars in damages and other nonmonetary relief for unlawful imprisonment; maiming of her brain and other body parts; loss of wages and economic value; and loss of life, liberty, and the pursuit of happiness.

The State filed a CR 12(b)(6) motion to dismiss with prejudice Green's complaint, arguing in part that the complaint was time barred because the statute of limitations on her claims expired in 2004. Green did not substantively respond to the State's motion to dismiss. Instead, she filed a motion for summary judgment.

The trial court granted the State's motion to dismiss with prejudice and denied Green's motion for summary judgment. Green appeals the trial court's order dismissing her complaint with prejudice.

ANALYSIS

Green argues that her claims were not time barred by the statute of limitations because equitable tolling should be applied in her case. We disagree.

A.    LEGAL PRINCIPLES

RCW 4.16.080(2) provides that "[a]n action for taking, detaining, or injuring personal property, including an action for the specific recovery thereof, or for any other injury to the person or rights of another" shall be commenced within three years. This three-year statute of limitations applies to tort claims. *Woods View II, LLC v. Kitsap County*, 188 Wn. App. 1, 20, 352 P.3d 807 (2015). The statutory limitations period begins to run when the plaintiff's claim accrues. RCW 4.16.005. In general, accrual occurs "when the plaintiff discovers the salient facts underlying the elements of the cause of action." *1000 Va. Ltd. P'ship v. Vertecs Corp.*, 158 Wn.2d 566, 576, 146 P.3d 423 (2006).

However, if a person who is "incompetent or disabled to such a degree that he or she cannot understand the nature of the proceedings . . . the time of such disability [as determined according to chapter 11.88 RCW] shall not be a part of the time limited for the commencement of action." Former RCW 4.16.190(1) (2006). The party asserting entitlement to tolling bears the burden of proof. *Price v. Gonzalez*, 4 Wn. App. 2d 67, 75, 419 P.3d 858 (2018).

In addition, equitable tolling of the statute of limitations may apply when justice requires. *Id.* The party asserting that equitable tolling should apply bears the burden of showing (1) bad faith, deception, or false assurances on the part of the defendant and (2) that the plaintiff acted with reasonable diligence. *Id.*

B.     ANALYSIS

Green's complaint, filed in 2020, related to events that occurred during her involuntary detention at WSH in July 2001.  Green's claim accrued at that time.  As a result, absent any tolling, the statute of limitations expired in July 2004.

Green argues that the statute of limitations was tolled.  To the extent that her argument can be construed as implicating former RCW 4.16.190(1), her argument fails because the evidence she presented in the trial court does not support her claim that she had a mental disability that prevented her from understanding the nature of the proceedings at any time between July 2001 and 2020.  In fact, as the State points out, the evidence shows that during this period Green graduated with honors from Pierce College in 2010 and graduated from the University of Washington – Tacoma with a degree in environmental science in 2014.

Green primarily argues equitable tolling.  However, she fails to provide any meaningful evidence or analysis showing both bad faith, deception, or false assurances on the part of DSHS and that she acted with reasonable diligence.

Accordingly, we hold that the trial court did not err when it dismissed Green's complaint with prejudice based on the statute of limitations.

                                              CONCLUSION

We affirm the trial court's order dismissing Green's complaint with prejudice.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

MAXA, P.J.

We concur:

LEE, J.

PRICE, J.